**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| **v.** | ) | **2:24cr469-MHT** |
| | ) | **(WO)** |
| **D'ANDRE SHAMAR JEMISON** | ) | |

**OPINION AND ORDER**

**This cause is before the court on the motion to continue trial filed by defendant D'Andre Shamar Jemison. For the reasons set forth below, the court finds that the jury trial, now set for April 14, 2025, should be continued until May 12, 2025, pursuant to 18 U.S.C. § 3161(h)(7)(A).**

**While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:**

> **"In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an**

> offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(7)(B)(iv).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Jemison in a speedy trial. Jemison's current defense counsel was appointed to represent him just recently, on March 6, 2025. He needs adequate time to review the hundreds of pages of paper discovery in this case. A continuance is warranted to allow defense counsel reasonable time to prepare for trial. Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant D'Andre Shamar Jemison's unopposed motion to continue trial (Doc. 25) is granted.

(2) The jury selection and trial for defendant Jemison, now set for April 14, 2025, are continued to May 12, 2025, at 10:00 a.m., in Courtroom 2FMJ of the

3

Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset pretrial deadlines as necessary.

DONE, this the 14th day of March, 2025.

                                   /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**