**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:24cr469-MHT** |
| | ) | **(WO)** |
| **D'ANDRE SHAMAR JEMISON** | ) | |

**OPINION AND ORDER**

This cause is before the court on defendant D'Andre Shamar Jemison's unopposed motion to continue trial. For the reasons set forth below, the court finds that the jury trial, now set for May 12, 2025, should be continued until August 11, 2025, pursuant to 18 U.S.C. § 3161(h)(7)(A).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an

>offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Jemison in a speedy trial. Jemison's current defense counsel was appointed to represent him on March 6, 2025. However, Jemison advised his counsel that he does not trust that he is advocating sufficiently for him, and communication has broken down to the point that counsel no longer feels that he can provide effective representation to the defendant. On April 24, 2025, defense counsel filed a motion to withdraw as appointed counsel. The Magistrate Judge held a hearing on this motion on April 30, 2025, and stated that he would not grant the motion unless the May 12, 2025 trial date was continued so new counsel would have sufficient time to prepare and so current counsel's withdrawal would not prejudice Jemison. A continuance is warranted because the attorney-client relationship has broken down, and in

order to allow new defense counsel reasonable time to prepare for trial and to provide effective representation. Also, the government does not oppose a continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant D'Andre Shamar Jemison's unopposed motion to continue trial (Doc. 39) is granted.

(2) The jury selection and trial for defendant Jemison, now set for May 12, 2025, are continued to August 11, 2025, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall reset the change-of-plea deadline and any other appropriate pretrial deadlines as necessary.

DONE, this the 30th day of April, 2025.

        /s/ Myron H. Thompson
        **UNITED STATES DISTRICT JUDGE**